Leron Thumim (N.J. Bar No. 029542011)
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY  10173-1922
Email:  lthumim@mwe.com
Tel:  212.547.5592
Fax: 212.547.5444

Michael T. Graham (Motion for *Pro Hac Vice* Admission to be Filed)
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL  60606
Email:  mgraham@mwe.com
Tel:  312.984.3606
Fax: 312.277.6062

*Attorneys for Defendant Colgate Palmolive Company a/k/a*
*Colgate-Palmolive Company a/k/a Colgate Co. a/k/a Colgate Palmolive Co.*

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Ford M. Scudder, Acting Treasurer of** | ) | |
| **the State of New Jersey, in his capacity as** | ) | |
| **the Unclaimed Property Administrator,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: _____** |
| **v.** | ) | |
| | ) | |
| **Colgate Palmolive Company a/k/a** | ) | |
| **Colgate-Palmolive Company a/k/a** | ) | **DEFENDANT'S PETITION FOR** |
| **Colgate Co. a/k/a/ Colgate-Palmolive Co.,** | ) | **REMOVAL TO FEDERAL COURT** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Defendant Colgate Palmolive Company a/k/a/ Colgate-Palmolive Company a/k/a Colgate

Palmolive Co. a/k/a Colgate-Palmolive Co. ("Colgate"), by and through counsel, hereby removes

the Complaint filed by Plaintiff Ford M. Scudder, Acting Treasurer of the State of New Jersey, in

his capacity as the Unclaimed Property Administrator ("Plaintiff" or the "State of New Jersey"),

1

to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441

and 1446, and state as follows:

## I.      State Court Proceedings to Date

1.      On August 25, 2016, Plaintiff filed this lawsuit in the Superior Court of New

Jersey, Chancery Division, Mercer County (the "State Court"), under Docket No. C-62-16, with

a Complaint entitled "*Verified Complaint to Compel Records Examination.*" Plaintiff's

Complaint and other relevant filings in the State Court are attached hereto as Exhibit A.

2.      Colgate was served with the Complaint filed in State Court on or about September

21, 2016.

## II.     Grounds for Removal

3.      Plaintiff's Complaint alleges that Colgate must "allow the examination of

[Colgate's] health benefits plan" to "determine if [Colgate] has complied with the requirements

of the [Uniform Unclaimed Property Act]" so that Plaintiff can "escheat uncashed checks and

other unpaid debts of [Colgate's] health benefits plan." *See* Ex. A, ¶¶ 11–13, 16.

4.      Plaintiff asserts that it, as the Treasurer of the State of New Jersey and through the

Unclaimed Property Administration, may "administer[] the property received *for the true owner*

with a perpetual obligation to make restitution, with interest, if the owner subsequently comes

forward or is located." *See* Ex. A, ¶ 8 (emphasis added).  As demonstrated by Plaintiff's

demands in its Complaint, Plaintiff seeks to determine or impact the rights of participants and

beneficiaries under the Colgate-Palmolive Company Medical Plan (the "Plan")[1] and to receive

---

[1] Plaintiff's Complaint is not specific as to which of Colgate's ERISA-governed health care plans is at issue.  However, the Colgate-Palmolive Company Medical Plan, its ERISA-governed plan covering specified groups of Colgate-Palmolive's full-time and benefits-eligible part-time employees based in the U.S. will be referenced in this Petition.

certain plan benefits on behalf of the health plan's participants and beneficiaries.  A copy of the

Plan's governing document is attached as Exhibit B.

5.        The Plan is a self-funded employee welfare benefit plan as defined by Section

3(1) of the Employee Retirement Income Security Act, as amended,  29 U.S.C.§ 1002(1), *et seq.*

("ERISA").  Defendant Colgate is the Plan's Administrator and Sponsor, as those terms are

defined under ERISA.

6.        Plaintiff demands access to Colgate's "records for examination" and transfer of

uncashed and unclaimed Plan benefits, as well as other equitable relief the Court deems just and

equitable, in order to determine the rights to the unclaimed benefits of certain participants and

beneficiaries under the Plan.

7.        Plaintiff's cause of action against Colgate, at its core, seeks a determination of the

rights to healthcare benefits of certain participants and beneficiaries under the Plan's terms,

which are governed exclusively by ERISA.

### A.        Doctrine of Complete Preemption under ERISA

8.        It is well-settled that ERISA's doctrine of complete preemption dictates that a

claim for benefits or the determination of rights regarding benefits within the meaning of ERISA

Section 502(a) must be exclusively enforced through ERISA's civil enforcement provisions.

ERISA was enacted "to ensure the proper administration of pension and welfare plans" *Nat'l Sec.*

*Sys. v. Iola*, 700 F.3d 65, 81 (3d Cir. 2012) (quoting *Boggs v. Boggs*, 520 U.S. 833, 839 (1997)).

9.        Designed to provide a uniform regulatory regime over employee benefit plans in

order to ease administrative burdens and reduce employers' costs, ERISA so sweepingly

occupies benefit claims under ERISA-governed plans that any claim brought within that field,

however stated, constitutes a federal claim for which ERISA's doctrine of complete preemption

provides federal jurisdiction and allows removal to federal court. *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d.Cir. 2005); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (explaining that ERISA aims to provide a uniform regulatory regime over employee benefit plans in order to ease administrative burdens and reduce employers' costs).

10.     A court looks only at the well-pleaded allegations in a plaintiff's complaint to determine whether federal subject matter jurisdiction exists.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Complete preemption is an exception to the well-pleaded complaint rule.  *Id.* at 60.

11.     Where Congress has completely preempted an area of law, a plaintiff's state law claim will be "re-characterized" as a federal claim so that removal becomes proper.  *See, e.g.*, *Avoco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 67 4, 678 (3d Cir. 2000*), cert. denied* 531 U.S. 927 (2000) ("Complete preemption is an exception to the well-pleaded complaint rule" and "does not depend on the type of relief requested in a complaint").

12.     In *Taylor*, the Supreme Court of the United States held that state law claims — like Plaintiff's Unclaimed Property Act claim pled here — that fall within the scope of ERISA's civil enforcement provisions, including ERISA Section 502(a)(1)(B) and Section 502(a)(3), are not only preempted, but are "wiped out" by ERISA.  481 U.S. at 60.

**B.     Plaintiff's Complaint States a Claim under ERISA Section 502(a)(1)(B)**

13.     On the face of the Complaint, Plaintiff alleges that Defendants have failed to allow Plaintiff to examine the Plan's records to determine who should have rightful access to unclaimed benefits from lost participants and beneficiaries, and Plaintiff seeks to recover any unclaimed benefit checks that have been abandoned by Plan participants and beneficiaries.

These claims fall within ERISA Section 502(a)'s civil enforcement mechanism. *See* 29 U.S.C. §1132(a).

14.     Though Plaintiff's Complaint was not filed under ERISA Section 502(a)(1)(B), it clearly states a cause of action cognizable under that ERISA remedial provision.  ERISA Section 502(a)(1)(B) provides that "a civil action may be brought – (1) by a participant or beneficiary – … (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B).

15.     Here, Plaintiff qualifies as a participant or beneficiary under the Plan because, through application of New Jersey's Uniform Unclaimed Property Act, Plaintiff is acting as the custodian[2] or beneficiary to the Plan's participants and beneficiaries who have unclaimed benefits that have allegedly been abandoned. *See Connecticut Mut. Life Ins. Co. v. Moore*, 333 U.S. 541, 546 (1948).  New Jersey's Uniform Unclaimed Property Act provides that title to unclaimed property remains with the owners – here, the Plan's participants and beneficiaries – and does not vest in the State of New Jersey.  *Clymer v. Summit Bancorp*, 171 N.J. 57, 63, 792 A.2d 396 (2002).  The State of New Jersey seeks to take custody of the unclaimed Plan benefits and would have full use of the unclaimed Plan benefits until the rightful Plan participant or beneficiary asserts a claim to it. *Id.*  The State's claim does not assert a separate claim to benefits under the Plan but through its State Court Complaint attempts to "stand in the shoes" of the Plan

---

[2] Black's Law Dictionary, 2nd Edition, defines "Custodian" to mean "an agent that performs various duties *on behalf of* a client, including holding securities in safe custody, executing financial transactions under specific instructions, and collecting periodic cash flows from investments."  Here, the State of New Jersey acts as a custodian or agent that seeks to perform various duties *on behalf of* Plan participants and beneficiaries who have not claimed their benefit payments under the Plan.  In that sense, the State of New Jersey is acting akin to an authorized representative or agent of the Plan participants and beneficiaries in attempting to enforce the Uniform Unclaimed Property Act. *See* 29 C.F.R. § 2560.530-1(b)(4).

participants and beneficiaries who have not claimed the Plan benefits being sought through the Complaint. *See In re: Steins Old Harlem Casino Co.*, 138 F.Supp. 661, 666 (S.D.N.Y. 1956). Since Plaintiff, through its Complaint, is "standing in the shoes" of Plan participants and beneficiaries that have not claimed their benefit payments under the Plan, Plaintiff has standing under ERISA as a participant or beneficiary under the Plan.

16.     In addition, in Plaintiff's claim that it is entitled to administer the rights regarding the allegedly unclaimed healthcare benefit payments of lost Plan participants and beneficiaries, Plaintiff seeks to clarify the rights to future benefits of these allegedly lost Plan participants and beneficiaries and to take control of their allegedly unclaimed Plan benefits under the Plan's terms.  Moreover, Plaintiff seeks to take control of uncashed healthcare benefit and other unpaid debts of certain Plan participants and beneficiaries under the ERISA-governed Plan, and, as such, seeks to recover ERISA-governed Plan benefits through the Complaint.

17.     Because Plaintiff seeks to determine, among other things, the rights of Plan participants and beneficiaries to which Plaintiff is "standing in the shoes" of regarding the ERISA-governed plan, under the Supreme Court's decision in *Taylor*, Plaintiff's claim states a cause of action under ERISA Section 502(a)(1)(B) and, therefore, the Complaint is completely preempted by ERISA.

**C.     Alternatively, the Complaint States a Claim under ERISA Section 502(a)(3)**

18.     ERISA Section 502(a)(3) provides that "a civil action may be brought – … (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." *See* 29 U.S.C. § 1132(a)(3).

19.     As discussed above, Plaintiff qualifies as a Plan participant or beneficiary as the State of New Jersey is attempting to stand in the shoes of certain allegedly lost Plan participants and beneficiaries.

20.     In addition, Plaintiff demands equitable relief in the form of (i) access to Colgate's "records for examination" and (ii) transfer of uncashed and unclaimed Plan healthcare benefits, as well as other equitable relief the Court deems just and equitable, in order to determine the rights of the unclaimed benefits of certain participants and beneficiaries under the Plan.

21.     Plaintiff's Complaint therefore states a claim that is, as a matter of federal law, governed by ERISA's terms and, therefore, falls within the ambit of this Court's federal question jurisdiction.  In order to determine the parties' rights and responsibilities under ERISA, Plaintiff's state law claims expressly require an examination and interpretation of the Plan's governing documents.  Removal to this Court is therefore proper under 28 U.S.C. § 1441, as Plaintiff's claims raise a federal question: namely, that Plaintiff's claims for relief against Defendant arise exclusively under ERISA's civil enforcement mechanism set forth at ERISA Section 502(a), 29 USC § 1132(a).

## IV.     Venue

22.     Venue lies in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiff filed the state court action in Mercer County, New Jersey, which is located within this judicial district and division.

## V.     Timeliness

23.      This notice of removal is timely filed in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days of Defendant's service of the State Court Complaint.  *See* Ex. B.

**VI.**   **Notice**

24.    Defendant will file a notice of their filing of this Petition for Removal to Federal Court to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the state court's clerk and will serve upon Plaintiff's counsel a notice of the filing of this Petition for Removal to Federal Court.

## CONCLUSION

Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. §§ 1441 and 1446, respectfully request that this action previously pending in the Superior Court of New Jersey, Mercer County, Law Division be removed to this Court and that this Court proceed as if it had been originally initiated in this Court.

DATED: October 18, 2016                Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**


/s/Leron Thumim
Leron Thumim (N.J. Bar No. 029542011)
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY  10173-1922
Email:  lthumim@mwe.com
Tel:  212.547.5592
Fax: 212.547.5444

and

Michael T. Graham (*Pro Hac Vice to be filed*)
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL  60606-5096
Email:  mgraham@mwe.com
Tel:  312.984.3606
Fax: 312.277.6062
Email:  mgraham@mwe.com

ATTORNEYS FOR DEFENDANT
COLGATE-PALMOLIVE COMPANY

## **CERTIFICATE OF SERVICE**

I certify that on October 18, 2016, a true and correct copy of the foregoing was served in

a manner prescribed by the Federal Rules of Civil Procedure to:

Marc Krefetz, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
PO Box 106
Trenton, NJ 08625-0106


/s/Leron Thumim
Leron Thumim (N.J. Bar No. 029542011)
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY  10173-1922
Email:  lthumim@mwe.com
Tel:  212.547.5592
Fax: 212.547.5444

DM_US 76714046-2.060938.0023