

## *State of New Jersey*

<table>
<tr><td>CHRIS CHRISTIE<br>*Governor*</td><td rowspan="2">OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 106<br>TRENTON, NJ 08625-0106</td><td>CHRISTOPHER S. PORRINO<br>*Attorney General*</td></tr>
<tr><td>KIM GUADAGNO<br>*Lt. Governor*</td><td>MICHELLE L. MILLER<br>*Acting Director*</td></tr>
</table>

September 13, 2016

Colgate Palmolive Company
300 Park Avenue, 14th Floor
New York NY 10022

        Re:  Scudder/Ford M., etc. v. Colgate Palmolive Company, etc.

Dear Madam or Sir:

I enclose the following:

| | | | |
|---|---|---|---|
| (x) | Order to Show Cause | | |
| (x) | Complaint | | |
| ( ) | Answer | | |
| ( ) | Interrogatories | | |
| (x) | Order/Judgment (Proposed) | | |
| ( ) | Release | | |
| ( ) | Notice of Dismissal | | |
| ( ) | Consent to terminate estate | | |
| ( ) | Brief | | |
| ( ) | Request for Admissions | | |
| ( ) | Notice of Motion | | |
| ( ) | Stamped, self-addressed | | |
| | envelope(s) | | |
| ( ) | Pre-Trial Memorandum | | |
| ( ) | Notice to Take Deposition | | |
| ( ) | Certification | | |
| ( ) | Certification of Service | | |
| | and Non-Military Service | | |
| ( ) | Exceptions | | |
| ( ) | Objections | | |
| ( ) | | | |

Would you please:

| | |
|---|---|
| ( ) | File and return copy marked "Filed" |
| ( ) | Consent and/or approve |
| ( ) | Retain for your records |
| ( ) | |

( )   The State of New Jersey is exempt from filing fees pursuant to N.J.S.A. 22A:2-22

Sincerely yours,

Christopher S. Porrino
Attorney General of New Jersey

By: _____
Marc Krefetz
Deputy Attorney General

via regular and certified mail

cc w/encl.:  Robert Davidson, Chief of Unclaimed Property, Audit







CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
PO Box 106
Trenton New Jersey 08625-0106
Attorney for Plaintiff
    State of New Jersey,
    Unclaimed Property Administration

By:  Marc Krefetz
    Deputy Attorney General
    ID Number 006761985
    (609) 984-0183

              SUPERIOR COURT OF NEW JERSEY
              MERCER COUNTY-CHANCERY DIVISION
              DOCKET NO. C-62-16

| | |
|---|---|
| FORD M. SCUDDER, ACTING TREASURER OF THE STATE OF NEW JERSEY, in his capacity as the Unclaimed Property Administrator, <br><br> Plaintiff, <br><br> v. <br><br> COLGATE PALMOLIVE COMPANY a/k/a COLGATE-PALMOLIVE COMPANY a/k/a COLGATE PALMOLIVE CO. a/k/a COLGATE-PALMOLIVE CO., <br><br> Defendant. | ORDER TO SHOW CAUSE |

      THIS MATTER being brought before the court by CHRISTOPHER S. PORRINO, Attorney General of New Jersey, attorney for Plaintiff Treasurer, State of New Jersey, Unclaimed Property Administration, (Marc Krefetz, Deputy Attorney General,

-1-

appearing), seeking relief by way of summary action pursuant to R. 4:67-1(a), based upon the facts set forth in the Verified Complaint filed herewith; and the Court having determined that this matter may be commenced by order to show cause as a summary proceeding pursuant to N.J.S.A. 46:30B-97a; and for good cause shown.

IT IS on this 6*th* day of *September* 2016, HEREBY ORDERED that the Defendant, Colgate Palmolive Company a/k/a Colgate-Palmolive Company a/k/a Colgate Palmolive Co. a/k/a Colgate-Palmolive Co., appear and show cause on the 9*th* day of *November*, 2016, before the Honorable Paul Innes, Presiding Judge, Chancery Division, Superior Court at the Civil County Courthouse, Courtroom 3A, 175 South Broad Street in Trenton, New Jersey, at 10 o'clock in the *fore* noon, or as soon thereafter as counsel can be heard, why judgment should not be entered:

     A.   Directing the Defendant to produce its records for examination by the Unclaimed Property Administration; and

     D.   For such other relief as the Court deems just and equitable.

     And it is hereby further ORDERED that:

1.   A copy of this order to show cause, the Verified Complaint, and all supporting affidavits or certifications submitted in support of this application shall be served upon the Defendant by First Class and by certified mail addressed to Colgate Palmolive Company at its offices located at 300 Park Avenue, 14th Floor, New York NY 10022, within _10_ days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

2.   Plaintiff must file with the Court its proof of service of the pleadings on the Defendant no later than three (3) days before the return date.

3.   Defendant shall file and serve a written answer, an answering affidavit or a motion returnable on the return date in response to this order to show cause and the relief requested in the Verified Complaint and proof of service of the same by _October 18_, 2016.   The answer, answering affidavit or motion, as the case may be, must be filed with the Clerk of the Superior Court in the county listed above and a copy of the papers must be sent directly to the Chambers of Judge Innes.

4.   Plaintiff must file and serve any written reply to the Defendant's opposition by _October 24_, 2016. The reply papers must be filed with the Clerk of the Superior Court in the

-3-

county listed above and a copy of the reply papers must be sent directly to the Chambers of Judge Innes.

5.   If the Defendant does not file and serve opposition to this order to show cause, this application will be decided on the papers on the return date and relief may be granted by default, provided that the Plaintiff files a proof of service and a proposed form of order at least three days prior to the return date.

6.   If the Plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the Court no later than three (3) days before the return date.

7.   Defendant should take notice that the Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this order to show cause states the basis of the lawsuit.   If you dispute this complaint, you or your attorney must file a written answer, an answering affidavit or a motion returnable on the return date in response to the order to show cause as well as proof of service before the return date of the order to show cause.   These documents must be filed with the Clerk of the Superior Court in

-4-

the county listed above. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at:

http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

Include a $175 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your answer, answering affidavit or motion to the Plaintiff's attorney, whose name and address appear above, or to the Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your answer, answering affidavit or motion with the fee, or judgment may be entered against you by default.

8. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at: http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

9.    The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the Court and parties are advised to the contrary no later than ___5___ days before the return date.

Honorable Paul Innes, P.J. Ch.

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
PO Box 106
Trenton New Jersey 08625-0106
Attorney for Plaintiff
     State of New Jersey, Unclaimed
        Property Administration

By:  Marc Krefetz
     Deputy Attorney General
     ID Number 006761985
     (609) 984-0183

COPY

FILED

AUG 29 2016

SUPERIOR COURT OF NEW JERSEY
MERCER COUNTY-CHANCERY DIVISION
DOCKET NO. C-62-16

| | |
|---|---|
| FORD M. SCUDDER, ACTING TREASURER OF THE STATE OF NEW JERSEY, in his capacity as the Unclaimed Property Administrator,<br><br>          Plaintiff,<br><br>          v.<br><br>COLGATE PALMOLIVE COMPANY a/k/a COLGATE-PALMOLIVE COMPANY a/k/a COLGATE PALMOLIVE CO. a/k/a COLGATE-PALMOLIVE CO.,<br><br>          Defendant. | VERIFIED COMPLAINT<br>TO COMPEL RECORDS EXAMINATION |

PLAINTIFF, the State of New Jersey, Unclaimed Property Administration, with principal offices at 50 West State Street, in the City of Trenton, County of Mercer, and State of New Jersey, by way of Complaint against the Defendant says:

-1-

1.    Pursuant to N.J.S.A. 46:30B-6a, the Treasurer of the State of New Jersey administers the unclaimed property laws set forth in the Uniform Unclaimed Property Act, N.J.S.A. 46:30B-1 to -109 (the "UUPA").

2.    As provided in N.J.S.A. 46:30B-97a(3), the Treasurer is expressly authorized to commence an action in the Chancery Division of the Superior Court of New Jersey, to enforce the duty of a person to permit the examination or audit of the records of that person by the Unclaimed Property Administration.

3.    As provided in N.J.S.A. 46:30B-97b(2), the action may be commenced against a person engaged in or transacting any business in the State of New Jersey, although not domiciled in the State of New Jersey.

4.    N.J.S.A. 46:30B-1 to -109, which became effective on April 14, 1989, require that a business association must annually report and deliver to the Treasurer all forms of intangible personal property deemed abandoned under the various provisions of the UUPA.  Property included in those provisions are dividend checks, shares of stock and all dividends associated with the stock, undeliverable or unexchanged shares of stock and all dividends associated with the stock, unredeemed principal and interest on corporate bonds, uncashed payroll checks, vendor checks, expense checks, refund checks, accounts

-2-

receivable credit balances, customer overpayments, other miscellaneous outstanding checks, and other miscellaneous intangible property.

5.    N.J.S.A. 46:30B-46 and -49 require business associations to report to the Treasurer before November 1 of each year all property then held by the business association and presumed abandoned as of June 30th of each year.

6.    After notice to the person whose name appears on the records of the business association as the person entitled to the property is given by the holder, N.J.S.A. 46:303-57 requires the business association to pay or deliver to the Treasurer all property presumed abandoned.

7.    Pursuant to N.J.S.A. 30B-10, the UUPA applies to all unclaimed property for which the last known address of the person whose name appears in the records of the business association as the person entitled to the property is in the State of New Jersey.

8.    Pursuant to N.J.S.A. 46:30B-74 and -79, the Treasurer, through the Unclaimed Property Administration, administers the property received  for the true owner, with a perpetual obligation to make restitution, with interest, if the owner subsequently comes forward or is located.

9.   Pursuant to N.J.S.A. 46:30B-91 to -94, the Treasurer, through the Unclaimed Property Administration, may examine the records of a business association to determine if the business association has complied with the requirements of the UUPA.

10.   Defendant, Colgate Palmolive Company a/k/a Colgate-Palmolive Company a/k/a Colgate Palmolive Co. a/k/a Colgate-Palmolive Co. ("CP"), is a corporation doing business at 300 Park Avenue, 14th Floor, New York New York, with a local office at 909 River Road, Piscataway New Jersey.

11.   Pursuant to N.J.S.A. 46:30B-91, CP is required to allow the Treasurer, through the Unclaimed Property Administration, to examine CP's records to determine if CP has complied with the requirements of the UUPA.

12.   Pursuant to N.J.S.A. 46:30B-91, CP is required to allow the Treasurer, through the Unclaimed Property Administration, to examine CP's records even if CP believes that CP is not in possession of any property reportable or deliverable under the UUPA.

13.   Through its outside counsel, McDermott Will & Emery, CP has refused to allow the examination of CP's health benefits plan.

-4-

14.   Through  its  outside  counsel,  McDermott  Will  &
Emery,  CP  has  stated  that  the  UUPA  is  preempted  by  Section
514(a)  of  the  Employee  Retirement  Income  Security  Act  of  1974,
29 U.S.C. §1001 et seq.

15.   Through  its  outside  counsel,  McDermott  Will  &
Emery,  CP  is  incorrect  since  the  Treasurer  is  not  seeking  to
escheat assets of CP's health benefits plan.

16.   Through  its  outside  counsel,  McDermott  Will  &
Emery,  CP  is  incorrect  since  the  Treasurer  is  seeking  to  escheat
uncashed  checks  and  other  unpaid  debts  of  CP's  health  benefits
plan.

WHEREFORE,  Plaintiff,  the  State  of  New  Jersey,
Unclaimed  Property  Administration,  demands  that  judgment  be
entered  directing  CP  to  produce  CP's  records  for  examination  by
Plaintiff  and  directing  such  other  relief  as  the  Court  deems
just and equitable.

Designation of Trial Counsel

Pursuant  to  R.  4:25-4,  Marc  Krefetz,  Deputy  Attorney
General,  is  hereby  designated  as  trial  counsel  in  this  matter.

CHRISTOPHER S. PORRINO,
ATTORNEY GENERAL OF NEW JERSEY

By: _____
        Marc Krefetz
        Deputy Attorney General

Dated:  August 25, 2016

-5-

<u>RULE 4:5-1 CERTIFICATIONS</u>

This matter is not the subject of any other action pending in any court or of a pending arbitration proceeding and no such action or arbitration proceeding is contemplated. No other party should be joined to this action. I further certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted to the Court in the future, in accordance with Rule 1:38-7(b).

_____
Marc Krefetz
Deputy Attorney General

Dated: August 25, 2016

<u>VERIFICATION</u>

Robert Davidson, of full age, certifies as follows:

1.    I am the Chief of Unclaimed Property Administration Audit and the person who supervises the audit functions of Unclaimed Property Administration.

2.    The matters stated in this Complaint are not fully within my personal knowledge and I am informed there is no single employee of the State of New Jersey who has personal knowledge of all such matters.

-6-

3.    The facts stated in this Complaint were assembled at my direction by State of New Jersey employees and I am informed by those employees that the matters set forth in this Complaint are in accordance with the information available to the State of New Jersey and the records maintained by the State of New Jersey.

I certify that the foregoing statements made by me are true. I am aware that if any statements are willfully false, I am subject to punishment.

Robert Davidson
Robert Davidson

DATED:   August 22, 2016

-7-

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
PO Box 106
Trenton New Jersey 08625-0106
Attorney for Plaintiff
    State of New Jersey

By:  Marc Krefetz
     Deputy Attorney General
     ID Number 006761985
     (609) 984-0183

SUPERIOR COURT OF NEW JERSEY
MERCER COUNTY-CHANCERY DIVISION
DOCKET NO.

| | |
|---|---|
| FORD M. SCUDDER, ACTING TREASURER OF THE STATE OF NEW JERSEY, in his capacity as the Unclaimed Property Administrator,<br><br>        Plaintiff,<br><br>        v.<br><br>COLGATE PALMOLIVE COMPANY a/k/a COLGATE-PALMOLIVE COMPANY a/k/a COLGATE PALMOLIVE CO. a/k/a COLGATE-PALMOLIVE CO.,<br><br>        Defendant. | JUDGMENT COMPELLING THE EXAMINATION OR AUDIT OF RECORDS |

This matter, having been presented to the Court by CHRISTOPHER S. PORRINO, Attorney General of New Jersey, attorney for the Plaintiff (Marc Krefetz, Deputy Attorney General, appearing), seeking to compel the examination or audit of records by the Unclaimed Property Administration, of Colgate

-7-

Palmolive Company a/k/a Colgate-Palmolive Company a/k/a Colgate Palmolive Co. a/k/a Colgate-Palmolive Co., a company doing business in New Jersey, upon consideration of the Verified Complaint and the response or default of the Defendant, and it appearing that good and sufficient cause exists for the relief requested;

It is on this _____ day of _____, 2016, HEREBY ORDERED and ADJUDGED that within ten days of the date of this judgment Colgate Palmolive Company a/k/a Colgate-Palmolive Company a/k/a Colgate Palmolive Co. a/k/a Colgate-Palmolive Co. will produce its records to the State of New Jersey for examination pursuant to the Uniform Unclaimed Property Act, N.J.S.A. 46:30B-1 to -109, at the offices of the Unclaimed Property Administration located on the sixth floor of One State Street Square, 50 West State Street, Trenton, New Jersey.

A copy of this judgment is to be served upon the Defendant at 300 Park Avenue, 14th Floor, New York NY 10022, or upon its counsel of record.

This matter was/was not opposed.

_____
Honorable Paul Innes, P.J.Ch.

-8-

STATE OF NEW JERSEY
DEPARTMENT OF LAW AND PUBLIC SAFETY
**DIVISION OF LAW**
P.O. BOX 119
TRENTON NJ 08625-0119



7004 2510 0001 4999 7569



Marc Krefetz, Deputy Attorney General
T,B & DR Section

Colgate Palmolive Company
300 Park Avenue, 14th Floor
New York NY 10022



FROM: STATE OF NEW JERSEY DEPARTMEN
CARR: USPS
TRK#: 70042510000149997569
RCVD: 09/19/2016   16:31

TO: LEGAL DEPT.
PH:
MSC: 8
PCS: 1

FLR: 8
LEGAL DEPT.

MSC: 8