**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FORD M. SCUDDER, Treasurer of the State of New Jersey,

    Plaintiff,

v.

COLGATE PALMOLIVE COMPANY,

    Defendant.

Civil Action No. 16-7433 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Ford M. Scudder's ("Plaintiff" or the "State"), in his official capacity as Treasurer for the State of New Jersey, motion to remand[1] to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1452(c) for lack of subject matter jurisdiction. (ECF Nos. 6, 7, 8, 9.) Defendant Colgate Palmolive Company ("Defendant" or "Colgate Palmolive") opposed (ECF No. 11) and Plaintiff replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion to remand is DENIED.

---

[1] Plaintiff moves to remand this matter pursuant to 28 U.S.C. § 1452(c) for lack of subject matter jurisdiction. (Pl.'s Moving Br. 1, ECF No. 6-1.) Section 1452 addresses "removal of claims related to bankruptcy cases" and does not contain a subsection (c). *See generally* 28 U.S.C. § 1452. The Court, therefore, assumes that Plaintiff seeks remand pursuant to 28 U.S.C. § 1447(c).

## I. Background

On August 29, 2016, Plaintiff filed a Complaint in the Superior Court of New Jersey, Mercer County, seeking to compel Defendant to produce documents for examination or audit in an effort to determine whether Defendant is holding any property subject to the New Jersey Uniform Unclaimed Property Act (the "NJUUPA"), N.J.S.A. 46:30B-1 to -109. (Notice of Removal, Ex. A, Compl., ECF No. 1-1.) On September 6, 2016, the state court issued an order to show cause, directing Defendant to file an answer by October 18, 2016. (Notice of Removal, Ex. A, at 2-5.) On October 18, 2016, Defendant timely removed the instant action to this Court. (Notice of Removal, ECF No. 1.)

## II. Legal Standard

The general removal statute permits a defendant in a state court action to remove the suit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. *See* 28 U.S.C. § 1441(a). The removing party bears the burden at all stages of litigation to demonstrate that the case is properly before the court, namely that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Likewise, when presented with an argument for remand, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). In the Third Circuit, removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The Third Circuit has further clarified that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

## III. Parties' Position

### A. Plaintiff's Position

Plaintiff filed a letter brief "in support of his motion to remand this case back to the Superior Court of New Jersey, Chancery Division, pursuant to 28 U.S.C. § 1452(c) for lack of subject matter jurisdiction." (Pl.'s Moving Br. 1, ECF No. 6-1.) Plaintiff contends that the State "properly filed this case in the Superior Court, which can review and adjudicate all of Defendant Colgate Palmolive's defenses, and [the matter] should not have been removed to this [C]ourt." (*Id.*) Plaintiff argues that "Eleventh Amendment sovereign immunity is a complete immunity from suit in a Federal court." (*Id.* at 4 (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002)).) Plaintiff, therefore, contends that the State is entitled to assert sovereign immunity under the Eleventh Amendment because "there is no clear waiver of Eleventh Amendment immunity, [and] this summary action . . . concerning . . . [the] financial administration of the [NJ]UUPA, should be remanded to the Superior Court of New Jersey[.]" (*Id.* at 6.)

Plaintiff argues that "[t]he two limited exceptions to state sovereign immunity do not apply to this case." (*Id.* at 5.) As to the first exception, Plaintiff argues that, "while Defendant alleges a general claim of preemption, Defendant does not allege that Congress unequivocally abrogated Eleventh Amendment immunity with respect to unclaimed property, an area of law governed by New Jersey state statute[.]" (*Id.*) With respect to the second exception, Plaintiff argues that "the State of New Jersey, Department of Treasury, has not waived its sovereign immunity with regard to suits brought in Federal court against the State, its subdivisions, agencies or officials." (*Id.* (citing N.J.S.A. 59:13-4).)

Plaintiff further contends that when "a state gives consent to jurisdiction in its own courts . . . [, this] does not mean that a similar suit may be maintained in the Federal courts." (*Id.* at 6

3

(citing *Ritchie v. Cahall*, 386 F. Supp. 1207, 1208 (D.N.J. 1974)).) Plaintiff argues that "[a]t issue here is a summary action concerning financial administration with no clear waiver of Eleventh Amendment immunity under ERISA, the [NJ]UUPA, or the New Jersey Contractual Liability Act[.]" (*Id.*) Plaintiff argues that, because "there is no clear waiver of Eleventh Amendment immunity," the matter should be remanded to state court because the Court lacks subject matter jurisdiction. (*Id.* at 6-7.)

B.   **Defendant's Position**

Defendant contends that Plaintiff has brought suit against it "for claims that are exclusively federal in nature." (Def.'s Opp'n Br. 2, ECF No. 11.) Defendant argues that Plaintiff "rais[es] one single argument—that removal is barred under sovereign immunity principles." (*Id.*) Defendant contends that Plaintiff "seeks to have a state court decide claims that are completely preempted by the Employee Retirement Income Security Act of 1974, as amended ('ERISA')." (*Id.*)

In response to Plaintiff's sovereign immunity argument, Defendant argues that "Plaintiff's analysis blatantly ignores well-established sovereign immunity principles and cites to an easily distinguishable case to support its solitary argument." (*Id.*) Defendant argues that, in addition to Plaintiff's waiver argument, "a case may also be removed by a private citizen defendant when the State is the plaintiff and valid grounds for removal exist." (*Id.* (emphasis removed) (citing *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613 (2002)).) In the instant matter, Defendant contends that Plaintiff has brought this suit against Defendant "for claims that are not only related to ERISA, but exclusively governed by ERISA." (*Id.* at 2-3.) Defendant, therefore, argues that "[i]t is well-established that when a state voluntarily brings suit as a plaintiff in state court, it cannot invoke Eleventh Amendment sovereign immunity principles to prevent the defendant from rightfully removing the case to federal court." (*Id.* at 3 (citations omitted).) Thus, Defendant argues

4

that "longstanding precedent mandates that [Plaintiff's motion] be denied, as [his] solitary sovereign immunity argument lacks any legal support." (*Id.* at 4.)

Defendant also contends that "New Jersey's jurisdictional statute—to the extent it grants sovereign immunity to New Jersey by itself—is preempted by ERISA." (*Id.* at 5.) Defendant argues that the NJUUPA "'stands as a direct obstacle' to ERISA's goal of allowing federal courts to have exclusive jurisdiction over ERISA-related claims." (*Id.* (quoting *Deweese v. Nat'l R.R. Passenger Corp.*, 590 F.3d 239, 248 (3d Cir. 2009)).) Defendant maintains that the NJUUPA is preempted by ERISA, as it relates to the specific type unclaimed property sought in this case specifically. (*Id.*) In addition, Defendant points to a provision within the NJUUPA that "effectively waives sovereign immunity . . . by allowing such cases to be brought in federal court." (*Id.* (citing N.J.S.A. 46:30B-97.1, which provides that "[w]here no New Jersey court has jurisdiction over the person involved, the administrator may commence an action in a *federal court* or other state court which has jurisdiction").) Defendant, therefore, contends that Plaintiff's motion to remand should be denied as the motion "is legally and factually baseless[.]" (*Id.* at 2, 4, 5.)

With respect to the unclaimed property sought, Defendant argues that "ERISA's doctrine of complete preemption dictates that a claim for benefits or the determination of rights regarding benefits within the meaning of ERISA Section 502(a) . . . must be exclusively enforced though ERISA's civil enforcement provisions." (*Id.* at 6 (internal citation omitted).) Defendant argues that Plaintiff seeks "to examine the Plan's records to determine who should have rightful access to unclaimed benefits from lost participants and beneficiaries, and . . . recover any unclaimed benefit checks that have allegedly been 'abandoned' by Plan participants and beneficiaries[,]" which are "claims [that] fall within ERISA Section 502(a)'s civil enforcement mechanism." (*Id.* at 7 (citing 29 U.S.C. § 1132(a)).) Defendant contends that "[t]he Complaint therefore states a claim that is,

5

as a matter of federal law, governed by ERISA and, therefore, falls within the ambit of this Court's federal question jurisdiction." (*Id.* at 9.) Defendant argues that, "[i]n order to determine the parties' rights and responsibilities under ERISA, Plaintiff's state law claims expressly require an examination and interpretation of the Plan's governing documents." (*Id.*) Defendant maintains that "Plaintiff's claims raise a federal question" and removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.* at 9-10.)

In reply, Plaintiff argues that an alleged defense is not a basis for removal. (Pl.'s Reply Br. 2, ECF No. 14.) Plaintiff contends that Defendant has not "provide[d] any legally sound reason to deny Plaintiff's motion." (*Id.*) Plaintiff maintains that the State did not waive its Eleventh Amendment immunity right. (*Id.* at 2-3.) Plaintiff, therefore, contends that "it is settled [law] . . . that a case may not be removed to Federal court solely on the basis of a federal defense, including a defense of preemption[.]" (*Id.* at 3 (citation omitted).)

## IV. Discussion

Defendant contends that Plaintiff has brought suit against it for claims that are completely preempted by ERISA's enforcement provisions. (Def.'s Opp'n Br. 2, 5.) It is, therefore, necessary to determine whether the instant action falls within the ambit of ERISA's complete preemptive power.

### A. New Jersey Uniform Unclaimed Property Act ("NJUUPA")

New Jersey and the other forty-nine (49) states and the District of Columbia have unclaimed property or escheat laws. *See Am. Express Travel Related Servs. Co. v. Sidamon-Eristoff*, 755 F. Supp. 2d 556, 567 (D.N.J. 2010), *aff'd*, 669 F.3d 374 (3d Cir. 2012). As background to understanding New Jersey's unclaimed property law, the court in *American Express Travel Related Services Co.* explained:

> The laws of most states are based upon a version of the Uniform Unclaimed Property Act ("UUPA"). The Court notes that the purpose of enacting these escheat laws is to provide for the safekeeping of abandoned property and then reunite the abandoned property with its owner. In the usual course, when property is deemed abandoned, the holder of most types of property is required to attempt to contact the owner, using the name and last known address, and if possible, return the property. If the attempt is unsuccessful, the holder turns over the abandoned property to the state and provides the state with the name and last known address of the owner. Upon [return of the abandon property], the holder is relieved of any liability to the owner. The state, in turn, makes the effort to reunite the owner with his/her property. New Jersey's Unclaimed Property Act is a custodial escheat statute. That is, when [the abandon property is] turned over [to] the State, the rightful owner may file a claim to recover the property at any time.

755 F. Supp. 2d at 565. Here, Plaintiff is the administrator under the NJUUPA and "has delegated authority to administer the provisions of this chapter and to execute any pertinent documents[.]" N.J.S.A. 46:30B-6a. Thus, under the NJUUPA, Plaintiff acts as a custodian of the unclaimed property, and, in essence, takes the place of the owner or beneficiary of the unclaimed property. *See generally* N.J.S.A. 46:30B-1 to -109.

The NJUUPA defines "property" as "tangible property described in R.S.46:30B-45 or a fixed and certain interest in intangible property that is held, issued, or owed in the course of a holder's business, or by a government, government subdivision, agency, or instrumentality, and all income or increments therefrom[.]" N.J.S.A. 46:30B-6r. Property, among other things, includes:

> an amount due and payable under the terms of an annuity or insurance policy, including policies providing life insurance, property and casualty insurance, workers compensation insurance, or health and disability insurance; and an amount distributable from a trust or custodial fund established under a plan to provide health, welfare, pension, vacation, severance, retirement, death[,] stock purchase, profit sharing, employee savings, supplemental unemployment insurance, or similar benefits[.]

*Id.* Here, Plaintiff seeks to "examine [Defendant's] records to determine if [Defendant] has complied with the requirements" of the NJUUPA. (Notice of Removal, Ex. A, Compl. ¶¶ 11, 12.) Accordingly, the "records" sought relate to Defendant's health benefits plan (*id.* ¶ 13), and the unclaimed benefits the records pertain to are considered "property" under the NJUUPA. *See* N.J.S.A. 46:30B-6r.

### B. Sovereign Immunity under the Eleventh Amendment

Plaintiff contends that because "there is no clear waiver of Eleventh Amendment immunity," this matter should be remanded to state court because the Court lacks subject matter jurisdiction. (Pl.'s Moving Br. 6-7.) The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A federal court, therefore, "may not adjudicate a lawsuit brought by a citizen against his own state." *Am. Express. Travel Related Serv. Co.*, 755 F. Supp. 2d at 568 (citing *Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890)). While the Eleventh Amendment does not preclude a federal court from hearing lawsuits involving the State, *see id.*, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Catepillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### C. Complete Preemption Doctrine and ERISA Claims

Defendant argues that Plaintiff's cause of action is completely preempted by ERISA, and that Plaintiff's claims fall within ERISA § 502(a)'s civil enforcement mechanism. (Notice of Removal ¶¶ 8-14; Def.'s Opp'n Br. 2, 5.) Defendant, therefore, argues that on the face of the Complaint, "Plaintiff states a cause of action cognizable under the ERISA [Section 502(a)(1)(B)]." (Notice of Removal ¶ 14.) "The presence or absence of federal-question jurisdiction is governed

8

by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Catepillar Inc.*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). The Court, therefore, must determine whether a federal question exists on the face of the Complaint.

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). ERISA is a federal law that regulates private industry pension plans, retirement plans, profit-sharing plans, and health insurance coverage. For such plans, ERISA establishes rules and minimum standards that are meant to protect plan participants. ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (citation omitted). In alignment with its purpose, ERISA "seek[s] to ensure that employees will not be left empty-handed once employers have guaranteed them certain benefits." *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996). "To increase the chances that employers will be able to honor their benefits commitments—that is, to guard against the possibility of bankrupt pension funds—Congress incorporated several key measures into ERISA." *Id.* ERISA subjects employee benefit plans to participation, funding, and vesting requirements, and to uniform standards on matters such as reporting, disclosure, and fiduciary responsibility. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90-91 (1983).

ERISA contains an express preemption provision, which states:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to

> any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144. "ERISA's civil enforcement mechanism, [Section] 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' and permits removal." *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)). The Third Circuit has promulgated a two-part test to determine whether a state law claim is completely preempted by ERISA § 502(a). Under *Pascack Valley*, a defendant seeking removal must demonstrate that: "(1) the plaintiff could have brought the claim under [Section] 502(a); and (2) no other independent legal duty supports the plaintiff's claim." *Id.* (citing *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004)). "Thus, any state law claims arising within the scope of [Section] 502(a) are pre-empted and properly removable to federal court." *Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 573 (D.N.J. 2009) (quoting *Pascack Valley Hosp.*, 388 F.3d at 399-400).

"If . . . a plaintiff's claims are found to relate to an employee benefit plan regulated by ERISA, even if the law is not specifically designed to affect such plans or the effect is only indirect, the plaintiff's claims may be preempted[.]" *Id.* at 574 (internal quotations and citations omitted). To that end, a claim found to "relate to" a health benefit plan governed by ERISA may be "removed to federal court on the basis of 'arising under' jurisdiction." *Id.* (citation omitted). "A state law cause of action 'relates to' an employee benefits plan if, without the plan, there would be no cause of action." *Estate of Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461, 466 (D.N.J. 2015); *see, e.g., Bicknell v. Lockheed Martin Grp. Benefits Plan*, 410 F. App'x 570, 576 (3d Cir. 2011) ("As

10

such, a cause of action asserted under state law is pre-empted if it can be said to 'relate to' an employee benefits plan.").

Defendant contends that "[b]ecause Plaintiff seeks to determine, among other things, the rights of Plan participants and beneficiaries . . . , Plaintiff's claim states a cause of action under ERISA Section 502(a)(1)(B)[.]" (Notice of Removal ¶ 17.) ERISA § 502(a)(1)(B) provides: "A civil action may be brought—(1) by a participant or beneficiary . . . (B) to recover benefits due to him under his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). In other words, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Davila*, 542 U.S. at 210. Thus, under Section 502(a)(1)(B), "[a] participant or beneficiary can [] bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Id.*

Here, the Complaint alleges that the State seeks to: (1) examine the Plan's records to determine if Defendant has complied with NJUUPA (Notice of Removal, Ex. A, Compl. ¶ 11); (2) determine whether Defendant is in possession of any reportable property or deliverable under the NJUUPA (*id.* ¶ 12); and (3) "escheat uncashed checks and other unpaid debts of Colgate Palmolive's health benefits plan[]."[2] (*id.* ¶ 16). In other words, Plaintiff's use of the NJUUPA substantially "relates to" the Plan because Plaintiff seeks to determine, recover, and "enforce [the participant's] rights under the terms of the plan, or to clarify [any of the participant's] rights to future benefits[.]" *See Davila*, 542 U.S. at 210. Plaintiff, therefore, standing in the shoes of the

---

[2] Paragraph 16 of the Complaint states: "Through its outside counsel, McDermott Will & Emery, [Colgate Palmolive] is incorrect since the Treasurer is seeking to escheat uncashed checks and other unpaid debts of [Colgate Palmolive's] health benefits plan." (Notice of Removal, Ex. A, Compl. ¶ 16.)

participants or beneficiaries, could have brought its claims under ERISA § 502(a)(1)(B). *See Tishman Constr. Corp.*, 760 F.3d at 303. Finding that the first-prong of the *Pascack Valley* test is satisfied, the Court now turns to the second prong.

"Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." *Tishman Constr. Corp.*, 760 F.3d at 303 (citing *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011)). "[C]ourts have held that a legal duty is "independent" if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *Id.* (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)). "In other words, if the state law claim is not 'derived from, or condition upon' the terms of an ERISA plan, and '[n]obody needs to interpret the plan to determine whether that duty exists,' then the duty is independent." *Id.* (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)).

Here, according to the allegations in Plaintiff's Complaint, the duty Plaintiff seeks to enforce under the NJUUPA is not independent from the existence of Colgate Palmolive's ERISA-regulated plan. Rather, Plaintiff's claims are derived entirely from the particular rights and obligations of Defendant's ERISA-regulated benefit plan and would require interpretation of the Plan to determine whether a duty exists under the NJUUPA. *See id.* As the obligation under the NJUUPA is not an independent legal duty, the Court finds that the second prong of the *Pascack Valley* test is met. Plaintiff's allegations implicate the civil enforcement mechanism of ERISA, and his claims are completely pre-empted by ERISA § 502(a). Accordingly, the Court concludes that Defendant has carried its burden under Section 1441.

## V. Conclusion

For the reasons set forth above, Plaintiff's motion to remand to Superior Court of New Jersey is DENIED. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Date:** May 31st, 2017